# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:12-cv-01831-WJM-MEH (Lead Case)

SALEEM MOHAMMED, Derivatively on Behalf of CHIPOTLE MEXICAN GRILL, INC.,

    Plaintiff,

v.

M. STEVEN ELLS,
MONTGOMERY F. MORAN,
ALBERT S. BALDOCCHI,
JOHN S. CHARLESWORTH,
NEIL W. FLANZRAICH,
PATRICK J. FLYNN,
JOHN R. HARTUNG, and
DARLENE J. FRIEDMAN,

    Defendants,

and

CHIPOTLE MEXICAN GRILL, INC.,

    Nominal Defendant.

And

Civil Action No.: 1:12-cv-02527- WJM-MEH

JOANNE NELSON, Derivatively on Behalf of CHIPOTLE MEXICAN GRILL, INC.,

    Plaintiff,

    v.

STEVE ELLS,
MONTGOMERY F. MORAN,
JOHN R. HARTUNG,
ALBERT S. ALDOCCHI,
JOHN S. CHARLESWORTH,
NEIL W. FLANZRAICH,
PATRICK J. FLYNN, and
DARLENE J. FRIEDMAN,

    Defendants,
and

CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation,

      Nominal Defendant.

And

Civil Action No.: 1:12-cv-02635- WJM-MEH

FRANCIS SCHMITZ, Derivatively on Behalf of CHIPOTLE MEXICAN GRILL, INC.,

      Plaintiff,

          v.

STEVE ELLS,
MONTGOMERY F. MORAN,
ALBERT S. BALDOCCHI,
JOHN S. CHARLESWORTH,
NEIL W. FLANZRAICH,
PATRICK J. FLYNN, and
DARLENE J. FRIEDMAN,

      Defendants,

and

CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation,

      Nominal Defendant.

---

## STIPULATED PROTECTIVE ORDER AND
## CONFIDENTIALITY AGREEMENT ACKNOWLEDGEMENT

---

      All parties, by and through their respective undersigned counsel, hereby stipulate to be bound by this Protective Order and Confidentiality Agreement Acknowledgement as follows:

      1.    This Protective Order shall apply to all documents, materials, and information, including with out limitation: documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information (other than information that is publicly known or available), disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, and designated as "Confidential" in these consolidated

actions: (1) *Saleem Mohammed, Derivatively and on Behalf of Chipotle Mexican Grill, Inc. v. M. Stephen Ells, et al.*, 12-cv-1831-WJM-MEH; (2) *Joanne Nelson, Derivatively and on Behalf of Chipotle Mexican Grill, Inc. v. Steve Ells, et al.*, 12-cv-2527-WJM-MEH; and (3) *Francis Schmitz, Derivatively and on Behalf of Chipotle Mexican Grill, Inc. v. Steve Ells, et al.*, 12-cv-2635-WJM-MEH (together, the "Litigation").

2. For purposes of this Protective Order, the term "Party" means any named party to this Litigation. All parties to this Litigation are collectively referred to as the "Parties." Materials designated "Confidential" under this Protective Order are collectively referred to as "Confidential Material." Non-parties to this Litigation may agree to be bound by the terms of this protective order as set forth in paragraph 3. The term "Producing Party" means any Party to this Litigation, and any non-party that agrees to be bound by the terms of this Protective Order pursuant to paragraph 3, that produces or discloses information designated as "Confidential" under this Protective Order. The term "Receiving Party" means any Party, or any non-party that agrees to be bound by the terms of this Protective Order pursuant to paragraph 3, that receives Confidential Material that is produced or disclosed in this Litigation or that elicits "Confidential" deposition testimony from a Producing Party. "Designating Party" means any Party, or any non-party that agrees to be bound by the terms of this Protective Order pursuant to paragraph 3, that designates documents or information as "Confidential" under the terms of this Protective Order.

3. Non-parties may accept and agree to be bound by the terms of this Protective Order, provided that each such non-party first shall execute the Confidentiality Agreement Acknowledgement attached hereto as Exhibit A, and provide a copy of the executed Exhibit A to all counsel for all current Parties. All such acknowledgements shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by

opposing counsel. A non-party to this Litigation that agrees to be bound by the terms of this Protective Order may designate as "Confidential" documents and information that the non-party is producing pursuant to the provisions of this Protective Order.

4. Confidential Material shall be used and disclosed solely in connection with this Litigation and for no other purpose whatsoever.

5. The Producing Party producing or disclosing Confidential Material may designate it as "Confidential."  Material designated "Confidential" means documents or information that: (1) prior to disclosure in this Litigation had not been publicly disclosed; and (2) contains proprietary information, personal information, trade secrets, financial information, marketing or business plans, technical information or other information that the Designating Party reasonably and in good faith believes should be produced only pursuant to the terms of a protective order.  . All designations shall be made reasonably and in good faith.

6. Where the Producing Party produces original documents or tangible items for inspection, the designation of "Confidential" shall be permitted to be made to that group of documents; provided, however, that all documents or groups of documents produced shall be produced as they are kept in the usual course of business and that the designation is made in writing to all Parties before or at the inspection.  Once any such documents are selected for printing or photocopying, however, the provisions of paragraph 7 through 11 below shall govern.

7. The Producing Party or its counsel may designate any documents or other tangible material as "Confidential" by placing on or affixing it, in a manner that shall not interfere with its legibility, the notation "CONFIDENTIAL" on each page or part of the document or thing containing such 'Confidential" information.  A Receiving Party may designate as "Confidential" any document produced to if it contains Confidential Material (as described in paragraph 5)

pertaining to that Receiving Party. If a Receiving Party makes a "Confidential" designation, the Receiving Party shall provide copies of the documents it has designated (or written identification of the documents by Bates number) and written notification of the Receiving Party's confidentiality designation to the Producing Party within thirty (30) calendar days after receiving the documents from the Producing Party. If different copies of the same document are marked inconsistently as to the level of confidentiality, the Party that discovers such inconsistent marking shall immediately notify the other Parties and/or the Producing Party, who shall then indicate in writing the level of confidentiality that shall apply to the documents at issue.

     8.     The Producing Party or its counsel or participating non-party or its counsel may designate depositions or other testimony as "Confidential" by the following means:

     a.     stating orally on the record, with reasonable precision as to the affected testimony that this information is affected "Confidential" testimony; or

     b.     sending written notice designating, by page and line, any portions of the transcript of the deposition or other testimony to be treated as "Confidential" within thirty (30) days after receipt of the transcripts, during which thirty (30) day period any such deposition or testimony shall be treated as "Confidential."

Whenever "Confidential Materials" are expected to be disclosed in a deposition, the Party or participating non-party making the designation shall have the right to exclude from attendance at the portion of the deposition during which Confidential Materials will be discussed all persons not authorized under this order to receive Confidential Material. All designations pursuant to this paragraph shall be made reasonably and in good faith.

9. Any transcript designated "Confidential" shall be marked as "Confidential," and any transcript so marked shall be given to or shown to only those persons who would otherwise be permitted to view such "Confidential" material pursuant to the terms of this Protective Order.

10. A Producing Party must make best efforts to timely designate its materials. Nonetheless, a Producing Party who does not timely designate a document or testimony "Confidential" in accordance with paragraphs 7 and 8 may later designate such document or testimony "Confidential" in a manner substantially compliant with those paragraphs by giving written notice to other Parties. After such designation is made, the document shall be treated as "Confidential," subject to paragraph 28 below.

11. All Confidential Material not reduced to documentary or tangible form or that cannot conveniently be designated in the manner set forth in paragraph 7 through 9, shall be designated by a Party as "Confidential" by informing the other Parties of the designation in writing contemporaneous with the production of the Confidential Material and, if practicable, labeling any container for the Confidential Material with the appropriate legend.

12. Absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material, any copies thereof, and the information contained therein shall not be disclosed, given, shown, or made available to anyone except:

    a. The Court (including Clerks and other Court personnel)

    b. The Parties, including the officers and employees to the extent necessary for the conduct of the Litigation, and their counsel, including legal staff and in-house counsel, and the clerical and litigation support personnel, such as secretaries, paralegals, and document clerks, or other support staff, who are employed by such counsel and are working under the express direction of such counsel.

      c.      Court reporters (including videographers) who record depositions or other testimony in the Litigation;

      d.      Independent experts and consultants, including their administrative and clerical personnel, provided that the disclosure is made solely for purposes of the Litigation and only after such expert/consultant signs Confidentiality Agreement Acknowledgement attached hereto as Exhibit A and has been approved to receive such information pursuant to paragraph 13 below;

      e.      Translators and interpreters of foreign language documents or testimony, provided that disclosure is made solely for purposes of the Litigation and only after such translator or interpreter signs the Confidentiality Agreement Acknowledgement attached hereto as Exhibit A and has been approved to receive such information pursuant to paragraph 13 below;

      f.      Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof;

      g.      Witnesses at depositions or pretrial hearings in this matter; provided, however, that any such witness signs the Confidentiality Agreement Acknowledgement attached hereto as Exhibit A and has been approved to receive such information pursuant to paragraph 13 below, and such disclosure is necessary to further the purposes of the Litigation;

      h.      Outside photocopying, scanning, graphic production services, or litigation support services employed by the parties or their counsel to assist in the Litigation, and computer service personnel performing duties in relation to a computerized litigation system.

      i.      Any other person to whom the Parties agree in writing; and

      j.      Any other person as directed by the Court.

13. A Party desiring to have Confidential Material of another Party disclosed to any person pursuant to paragraph 12(d), 12(e), or 12(g) of this Order shall first give written notice to the Party, who shall have ten (10) days after such notice is given (plus three (3) days if notice is given by mail) to object in writing. The party desiring to disclose Confidential Material to any such person shall include the following information about such person in the written notice:

> Business address;
>
> Business title;
>
> Business or profession;
>
> Any previous or current relationship (personal or professional) with any of the parties;
>
> Any current relationship (personal or professional) with others in the field of online procurement of counseling services; and
>
> A copy of the person's curriculum vitae (for experts and consultants only)

No Confidential Material shall be disclosed to such person until after the expiration of the foregoing notice. If, however, during the notice period the party giving notice receives a written objection from the Producing Party, there shall be no disclosure of Confidential Material to such person, except by Court order or written withdrawal of the objection. The party or non-party objecting to the disclosure of the Confidential Material to such person shall provide an explanation of the basis of its objection, and consent to the disclosure of Confidential Material to a proposed recipient shall not be withheld unreasonably.

14. Any person obtaining information from material designated Confidential may not divulge that information to anyone who would not be permitted to have the information under the provisions of this Protective Order. Neither Confidential Material nor the contents thereof shall be used for any purpose other than this Litigation whatsoever.

15. The recipient of any Confidential Material that is provided pursuant to this Protective Order shall maintain it in a secure and safe area and shall exercise due and proper care with respect to its storage, custody, and use.

16. Nothing in this Protective Order shall prevent the Producing Party from disclosing its own Confidential Material produced by it, whether or not also produced by the other Party, as it deems appropriate, and any such disclosure shall not be deemed a waiver of any other Party's rights or obligations under the Productive Order.

17. The Parties shall confer before the filing of pretrial disclosures regarding the use of any exhibits containing Confidential Material at trial.

18. Copies or reproductions of Confidential Material shall be designated in the manner set forth in Paragraph 7 above.

19. Complete or partial copies of Confidential Material and summaries, digests, analyses, reports, or other documents, including pleadings, motions, and other filings, prepared from or containing Confidential Material bearing the designations specified in Paragraph 7 above shall be treated as Confidential Material, as designated, under this Protective Order.

20. This Protective Order does not permit any party to file any material with the Court under seal or to present evidence at trial under seal without Court approval. . If, at any time, a party desires to file Confidential Material with the Court or to present Confidential Material at trial, the party desiring to file or present the Confidential Material must first seek the Court's permission to file or present the Confidential Material under seal by filing a motion with the Court with notice to the Producing Party.

21. If the Court denies permission to file or present particular Confidential Material under seal, then the party seeking to file or present it shall not be precluded from filing with or presenting to the Court the Confidential Material.

22. If the Court grants permission to file or present Confidential Material under seal, the parties may seek the return of the sealed documents by a motion filed within sixty (60) days after the case is closed.

23. Should any Confidential Material any copies, or summaries thereof, or the contents of the information be disclosed in any manner, through inadvertence or otherwise, to any persons not authorized to receive them under this Protective Order, then the Party responsible for the unauthorized disclosure shall use its best efforts to obtain the return of such Confidential Material and bind such person a copy of this Protective Order and shall (a)seek return of the Confidential Material , and (b) identify such person immediately to the Producing Party.

24. By this Protective Order, the Parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court from any provisions of this Protective Order by application on notice on any grounds.

25. Nothing herein shall be construed as limiting the Parties from using or disclosing any information that is in the public domain or that, subsequent to the disclosure, becomes part of the public domain other than by an act or violation of the terms of this Protective Order.

26. Any Party may object to the designation of particular material designated as "Confidential" by giving written notice to the party making such designation not later than sixty (60) days after the latest of: (1) the close of discovery or (2) the date on which the party

produced the designated material. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

27. A copy of this Protective Order shall be included in the service of any subpoena for documents of deposition testimony directed to any non-party.

28. This Protective Order shall be binding upon the Parties in this Litigation, upon each non-party that has agreed to abide by its terms, and upon their respective counsel, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, and independent contractors.

29. Within sixty (60) days of the conclusion of the Litigation, by judgment, appeal or otherwise, all Material designated Confidential, all copies, digests or summaries thereof, and any other documents containing any such Confidential Material, shall be returned to counsel for the Producing Party or destroyed, if the Producing Party requests destruction, except that counsel may retain their work product and copies of each court filing, deposition transcript, trial or

hearing transcript, exhibit list, and exhibit, provided said retained documents will continue to be treated as provided in this Protective Order. If a Party chooses to destroy Confidential Material, counsel for the Party shall certify as to the date, the method of destruction and the bates range of such Confidential Material destroyed, and transmit such certification to opposing counsel within 14 days of the completion of destruction. The Protective Order does not require a Party to return or destroy any document or information it obtained from a source not bound by the terms of this Protective Order.

30.  The obligations and duties arising under this Protective Order and under any acknowledgement or agreement pursuant thereto shall be effective immediately and shall survive the termination of this Litigation.

31.  In the event anyone shall violate or threaten to violate any terms of this Protective Order, the Parties agree to confer in good faith by telephone, in person, or via email, within ten (10) days of the aggrieved Party gaining knowledge of the alleged violation or potential violation, to resolve such violation (or potential violation) of the terms of this Protective Order. If the Parties are unable to resolve the dispute, the aggrieved Party may thereafter move the Court to obtain relief against such person or entity.

Dated and entered at Denver, Colorado, this 27th day of March, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

BY CONSENT:

| | |
|---|---|
| Date: March 26, 2013 | Date: March 26, 2013 |
| **MESSNER & REEVES LLC** | **CHARLES LILLEY & ASSOCIATES, P.C.** |
| By: */s/ Scott Leonard Evans*<br>Scott Leonard Evans<br>1430 Wynkoop Street, #300<br>Denver, CO 80202<br>(303) 623-0552 | By: */s/ Charles W. Lilley*<br>Charles W. Lilley<br>Karen Cody-Hopkins<br>730 17th Street, #670<br>Denver, CO 80202<br>(303) 293-9800<br><br>*Plaintiffs' Local Counsel* |
| Date: March 26, 2013 | Date: March 26, 2013 |
| **KIRKLAND & ELLIS, LLP** | **RIGRODSKY & LONG, P.A.** |
| By: */s/ Matthew Osborn Solum*<br>Matthew Osborn Solum<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-6460<br><br>*Counsel for Defendants* | By: */s/ Timothy J. MacFall*<br>Timothy J. MacFall<br>Olga A. Pettigrew<br>825 East Gate Boulevard, Suite 300<br>Garden City, NY 19803<br>(516) 683-3516<br><br>**LEVI & KORSINSKY LLP**<br>Joseph E. Levi<br>30 Broad Street, 24th Floor<br>New York, NY 10004<br>(212) 363-7500<br><br>*Plaintiffs' Co-Lead Counsel* |