IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01831-WJM-MEH

SALEEM MOHAMMED, derivatively on behalf of Chipotle Mexican Grill, Inc.,
FRANCIS SCHMITZ, derivatively on behalf of Chipotle Mexican Grill, Inc., and
JOANNE NELSON, derivatively on behalf of Chipotle Mexican Grill, Inc.

      Plaintiffs,

v.

M. STEVEN ELLS,
MONTGOMERY F. MORAN,
ALBERT S. BALDOCCHI,
JOHN S. CHARLESWORTH,
NEIL W. FLANZRAICH,
PATRICK J. FLYNN,
DARLENE J. FRIEDMAN, and
CHIPOTLE MEXICAN GRILL, INC., nominal Defendant,

      Defendants.

---

## ORDER ON MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Stay and Memorandum of Law [filed April 8, 2013; docket #52]. The Motion is referred to this Court for disposition. (Docket #53.) The matter is fully briefed, and the Court heard oral argument on May 6, 2013. For the reasons that follow, Defendants' Motion is **granted in part** and **denied in part** as stated herein.

## I.    Background

Ralph B. Richey initiated this shareholder derivative action on July 12, 2012, on behalf of nominal Defendant Chipotle Mexican Grill, Inc. ("Chipotle") against various members of Chipotle's Board of Directors ("the Board"). (Docket #1, ¶ 1.) As additional derivative suits against Defendants were filed in this district, Defendants and Plaintiffs Nelson and Schmitz moved to

consolidate the related actions and appoint co-lead counsel.  (Docket #16.)  Judge Martinez granted the motion in part and ordered consolidation of this action along with 12-cv-02527 and 12-cv-02635; however, he denied the parties' request to appoint Faruqui & Faruqui and Robbins Umeda (Arroyo) LLP as lead counsel.  (Docket #29.)  Because Ralph Richey was the first to file his lawsuit, Judge Martinez determined that his attorneys should be appointed lead counsel instead.  (*Id*. at 6.)  In so ordering, Judge Martinez identified this action (Case No.12-cv-01831) as the lead case in which all future filings shall be made.  (*Id*.)

On March 20, 2013, Plaintiffs filed their Consolidated Verified Shareholder Derivative Complaint [docket #33] ("Consolidated Complaint"), which designated Saleem Mohammed as lead plaintiff in the place of Ralph Richey.  The Consolidated Complaint challenges Chipotle's "commitment to integrity" regarding its financial disclosures and employment practices.  (*Id*. at ¶ 4,5.)  On the former topic, the Consolidated Complaint asserts that Chipotle has been named as a defendant in a number of securities class actions for allegedly misrepresenting its pricing power and earning potential.[1]  (*Id*. at ¶ 4.)  Plaintiffs believe that these lawsuits expose Chipotle to "potentially massive liability for securities fraud[.]" (*Id*.)

The second alleged breach of duty involves Chipotle's  failure to comply with employee work authorization requirements.  (*Id*. at ¶ 5.)  As a result of these failures, Chipotle has allegedly become the target of several criminal and civil investigations conducted by the U.S. Immigration and Customs Enforcement, the United States Attorney's Office for the District of Columbia, and the Securities Exchange Commission.  (*Id*. at ¶¶ 5-8.)  Plaintiffs claim these failures have already damaged Chipotle's reputation and caused Chipotle to incur substantial costs associated with

---

[1]These lawsuits have been filed in this district and remain pending before Judge Brimmer and Magistrate Judge Mix.  *See* Case Nos. 12-cv-02193-PAB-KLM and 12-cv-02164-PAB-KLM.

training new employees, disruptions in operations, and participating in the various investigations. (*Id*. at ¶ 10.)  Plaintiffs predict these costs will continue to mount as the investigations and lawsuits proceed.  (*Id*.)

In light of the ongoing securities class actions and various federal investigations, Defendants filed the pending Motion seeking a stay of the consolidated derivative action until the aforementioned proceedings are resolved.  Defendants contend that Plaintiffs' claims are not ripe for review and that continuing with the litigation before the scope of the claims and corresponding damages has been determined exposes Defendants and the Court to a potentially wasteful expenditure of time and resources.  Responding to Defendants' ripeness concerns, Plaintiffs argue their Consolidate Complaint adequately identifies a concrete injury based on the reputational and financial consequences Chipotle has already suffered as a result of the Board's breach of its fiduciary duties.  These damages include attorney's fees expended to defend Chipotle in the various securities class actions and investigations.  Plaintiffs argue that resolution of the investigations and securities class actions could take years and that a stay of such indefinite duration is inappropriate.

Additionally, Defendants posit that allowing this derivative action to proceed against the Board actually harms Chipotle and its shareholders by diverting attention and resources away from Chipotle's defense in the securities class actions and criminal investigations.  Plaintiffs have conceded that Chipotle's success is the corresponding proceedings would benefit the shareholders; however, Plaintiffs believe this action is sufficiently distinct to proceed on an independent basis.

At oral argument on May 6, 2013, the Court raised concerns regarding the justiciability of this action.  Defendants agreed to file a motion to dismiss on the basis of ripeness, if the Court so requested.  Though Defendants believe the case could remain in federal court for prudential reasons, they maintain that the case should be stayed at least through Judge Brimmer's adjudication of

forthcoming motions to dismiss in the securities cases.  Ideally, Defendants seek a stay pending the resolution of such cases and related criminal investigations.

## II.      Legal Standard

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket.  *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  In this District, a stay of all discovery is generally disfavored.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  While a stay may be appropriate if the "resolution of a preliminary motion may dispose of the entire action" (*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted)), the Court is reluctant to impose an indefinite stay of proceedings in the absence of such motions.  *See Chavez*, 2007 WL 683973 at *3.

## III.     Discussion

In the Court's view, Defendants' Motion proposes two categorically distinct grounds for a stay.  First, it appears from the briefing that Defendants propose a stay of litigation as a "compromise" to dismissal for lack of ripeness. This is likely the reason Defendants have not moved for dismissal under Fed. R. Civ. P. 12(b)(1).  Second, Defendants seek a stay to protect Chipotle (and its shareholders) from the burden of multi-front litigation, particularly when the time and expense of the instant action might prove unnecessary if the pending criminal and civil actions are resolved in Chipotle's favor.  The Court will address justiciability before considering the more traditional bases for a stay.

### A.      Ripeness

The ripeness doctrine reflects important prudential considerations on a court's exercise of jurisdiction; however, the doctrine is ultimately rooted in the "cases and controversies" requirement

of Article III. *See Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004). It is the constitutional limitation that gives the Court greatest pause. *See id.* Though the Court appreciates Defendants' interest in compromise, when it comes to justiciability, Article III does not yield to private agreements. *See in re Facbook, Inc., IPO Sec. and Derivative Litig.*, --- F. Supp. 2d ----, 2013 WL 525158, at *24 (S.D.N.Y. Feb. 13, 2013) ("Ripeness is a constitutional prerequisite to the exercise of jurisdiction by federal court."). If the issue is not ripe for dispute and should not be in federal court, it should certainly not *remain* in federal court for an indefinite period of time. *See id.* (dismissing derivative action for lack of ripeness where damages were contingent on the outcome of separate pending lawsuit).

Despite the Court's concerns, the issue of ripeness is not properly resolved in a motion to stay. Rather, these matters are more appropriately adjudicated on a motion to dismiss, which would allow Judge Martinez to address the issue himself or refer the matter this Court for recommendation. Therefore, the Court directs Defendants to file a motion to dismiss on or before May 22, 2013.[2]

    B.    <u>Traditional Grounds for Staying the Litigation</u>

In determining whether to impose a stay, the following five factors guide the Court's analysis:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

---

[2]Because the motion to dismiss shall be limited to the justiciability of this action, the Court's order does not affect Defendants' answer deadline or constitute a waiver of any defenses under Rule 12.

Regarding the first factor, the Court pointedly inquired as to Plaintiffs' interest in continuing with the litigation during the pendency of the securities class actions and criminal investigation. Though Plaintiffs expressed general concerns regarding fading memories and destruction of documents, the Court confirmed with Defendants' counsel that such evidence is subject to a preservation order. In light of such stringent safeguards, Plaintiffs have arguably a lesser interest in proceeding expeditiously with their claims. Indeed, the vast majority of plaintiffs have no such assurance that evidence will be preserved with this degree of caution. Thus, the first factor weighs in favor of a stay.

With respect to the second factor, Defendants argue that proceeding with discovery during the pendency of the securities class actions and criminal investigations harms Chipotle (and even the derivative Plaintiffs) by diverting attention and resources away from Chipotle's defense in those proceedings. Plaintiffs' counsel conceded at the hearing that shareholders would be better off if Chipotle prevailed in both the criminal and civil actions. Additionally, Defendants argue that such an outcome would eliminate the basis for this case entirely. Though Plaintiffs maintain that this action is distinct from the parallel proceedings, as Defendants observed, the threshold for establishing liability in this case is arguably higher because it requires Plaintiffs to establish additional facts with respect to the Board. On the whole, the Court finds that Defendants face a substantial burden if they are forced to fight multiple legal battles simultaneously. Additionally, the Court recognizes the possibility that this action may be rendered moot depending on the outcome of the securities class actions and criminal investigations. Therefore, the Court finds that factor two weighs heavily in favor of a stay.

Turning to the fourth factor, Defendants posit that judicial resources could be wasted by facilitating discovery and resolving motions that may later prove unnecessary. Plaintiffs counter that

entering a stay would  require duplicative discovery, including multiple depositions of the same Chipotle representatives for both the securities actions and this case.  Though Plaintiffs would certainly have an opportunity to conduct full discovery following the litigation of the securities class actions, the Court believes that postponing discovery in this case would actually be more efficient. Given the considerable substantive overlap between this case and the securities class actions, much of the relevant discovery will be the same. Because Plaintiffs may access deposition transcripts, interrogatories, and other discovery materials created during the securities litigation, Plaintiffs could focus their discovery efforts in this case on only those issues that they wish to further develop. Importantly for this factor, a narrowed scope of discovery reduces the Court's burden of overseeing discovery and resolving any disputes arising therefrom. The Court's resources are also, of course, preserved by avoiding the unnecessary adjudication of dispositive motions. Thus, the third factor weighs heavily in favor of a stay.

Neither Plaintiffs nor Defendants identify any specific interests of non-parties. Aside from the impact on all shareholders as described above, the Court likewise observes no clear impact on non-parties. Therefore, the fourth factor weighs neutrally, if not slightly in favor of a stay.

Regarding the fifth factor, Plaintiffs allege that the public interest is served by advancing this case quickly because of the potential for corporate reforms.  In so arguing, Plaintiffs rely on this Court's decision in *Estate of Jimma Pal Reat v. Rodriguez,* No. 12-cv-02531-REB-MEH, 2013 WL 424784, at *3 (D. Colo. Feb. 4, 2013) in which the Court noted that the plaintiffs' request for injunctive relief strengthened the public's interest in a swift prosecution of the case because the specific reforms set forth in the plaintiffs' pleading could impact public safety. However, this case is distinguishable from *Estate of Jimma Pal Reat* in that the Consolidated Complaint fails to specifically identify a *single* item of injunctive relief beyond the catch-all "such other and further

relief as the Court deems just and proper." (Docket #38 at 43.)  Thus, the Court in not persuaded that resolution of this case –whether expedited or delayed – will significantly impact the public. The fifth factor weighs neutrally.

Quantitatively and qualitatively, the merits of a stay weigh in Defendants' favor. However, as noted above, the Court is concerned that allowing this matter to remain in federal court for an indefinite period of time may present constitutional problems if the case is not ripe for review.  Thus, the Court will stay the action through and including Judge Martinez's ruling on Defendants' forthcoming motion to dismiss. If Judge Martinez determines the action should go forward, the Court would recommend the case be stayed pending the resolution of the securities class actions by the district court. Because the government has not initiated formal criminal proceedings, and because criminal proceedings present different issues in terms discovery and disclosure,  the Court is not persuaded that the case should be stayed through the conclusion of the criminal investigations.

## IV.    Conclusion

Because of the Court's concerns regarding ripeness, Defendants shall file a motion to dismiss on or before **May 22, 2013**, addressing only the issue of justiciability. The action shall be stayed through and including Judge Martinez's resolution of the motion. If Judge Martinez determines that Article III presents no bar to adjudicating this action, the Court recommends a further stay through and including the district court's resolution of the securities class actions identified in the Consolidated Complaint. Therefore, Defendants' Motion to Stay and Memorandum of Law [filed April 8, 2013; docket #52] is **granted in part** and **denied in part** as stated herein.

Dated and entered this 10th day of May, 2013, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge