**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1831-WJM-MEH
       Consolidated with:   1:12-cv-2527-WJM-MEH
                                 1:12-cv-2635-WJM-MEH

SALEEM MOHAMMED, derivatively on behalf of Chipotle Mexican Grill, Inc.,

    Plaintiff,

v.

M. STEVEN ELLS, *et. al.*,

    Defendants,

CHIPOTLE MEXICAN GRILL, INC.,

    Nominal Defendant.

**ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE
TO THE CLASS, AND SETTING FAIRNESS HEARING**

       This matter having come before the Court upon the parties' joint submission of the Stipulation and Agreement of Settlement and Release (the "Agreement"), dated January 31, 2014, and the exhibits attached thereto, and the Court having reviewed the Agreement and being fully advised of the premises therein, IT IS HEREBY ORDERED that :

1.     A hearing (the "Settlement Hearing") shall be held before this Court on the 20th day of August, 2014 at 10:00 a.m., in Courtroom A801 at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3289.  At or following this hearing, the Court will take the following action:

    a.    Determine whether the above-captioned action (the "Action") may proceed as a shareholder derivative action pursuant to Federal Rule of Civil Procedure 23.1, solely for purposes of the Settlement and without prejudice to the Company's right to raise defenses under Rule 23.1 or any other defenses in the Action in the event that the Court fails to grant final approval of the Settlement;

    b.    Determine whether the Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate and in the best interests of Chipotle Mexican Grill, Inc. ("Chipotle") and its shareholders;

    c.    Determine whether the Court should finally approve the Settlement and enter a judgment, substantially in the form attached to the Agreement as Exhibit E, dismissing the Action with prejudice and extinguishing and releasing the claims as set forth therein;

    d.    Hear and determine any objections to the Settlement;

    e.    Rule on Plaintiffs' application for an award of attorneys' fees and expenses; and

    f.    Rule on such other matters as the Court may deem appropriate.

2.    The Court approves, as to form and content, the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Notice"), attached as Exhibit C to the Agreement, and the Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Summary Notice"), attached as Exhibit D to the Agreement, and finds that the mailing and posting of these

notices, substantially in the manner and form set forth in the Agreement, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Chipotle's shareholders.

3. At least 90 days before the Settlement Hearing, Chipotle shall cause the Notice, attached as Exhibit C to the Agreement, to be mailed by first-class mail to all shareholders of record as of the close of business on the date of this Order at the addresses provided on the books of Chipotle. If requested by any shareholder of record who holds shares on behalf of one or more beneficial holders, the Company promptly shall provide the shareholder of record with sufficient copies of the Notice for the shareholder of record to send to the beneficial holders on whose behalf the shareholder of record holds shares.

4. At least 90 days before the Settlement Hearing, Chipotle shall cause the Notice to be posted in a prominent fashion on the front page of its corporate website with a statement or heading identifying the Settlement, along with a hyperlink that brings users directly to a web page containing the content of the Notice.

5. At least 90 days before the Settlement Hearing, Chipotle shall cause the newswire service PR Newswire to issue the Summary Notice once to the public in the United States.

6. At least 14 days before the Settlement Hearing, Chipotle shall file with the Court proof, by appropriate declaration, of such mailing and posting described in paragraphs 3, 4, and 5.

7. All papers in support of the Settlement shall be filed with the Court and served at least 20 days before the Settlement Hearing.

8. Any Chipotle shareholders may appear and show cause, if he, she, or it has any reason why the Settlement should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why attorneys' fees should not be awarded to Plaintiffs' counsel; provided, however, that no Chipotle shareholder shall be heard or entitled to contest the approval of the terms and conditions of the settlement unless that person has, at least 14 days before the Settlement Hearing, filed a detailed objection in writing (described further below) with the Clerk of Court and served on the following counsel so that it was received no later than 14 days before the Settlement Hearing:

| | |
|---|---|
| Seth D. Rigrodsky | Scott Leonard Evans |
| Brian D. Long | Messner & Reeves LLP |
| Rigrodsky & Long, P.A. | 1430 Wynkoop Street |
| 2 Righter Parkway, Suite 120 | Denver, CO 80202 |
| Wilmington, DE 19803 | |
| *Counsel for Plaintiffs* | *Counsel for Defendant and Chipotle* |

Such objections must contain the following information: (i) the Chipotle shareholder's name, legal address, and telephone number; (ii) proof of being a current Chipotle shareholder as of the record date; (iii) the date(s) the Chipotle shareholder purchased their Chipotle shares; (iv) a statement of the Chipotle shareholder's position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made; and (v) the grounds for each objection or the reasons for the Chipotle shareholder desiring

      to appear and to be heard.  Any Chipotle shareholder who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or to otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, and shall be bound by the Settlement, the judgment, and the releases given.

9. All replies to any objections shall be filed and served at least 5 days before the Settlement Hearing.

Dated this 18th day of April, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge

5